In the matter of the appointment of a new trustee in the estate of BERNARD M. SHANLEY.

[Decided December 27th, 1924.]

1. The appointment of a new trustee is discretionary with the court.

2. The fact that a trust company is interested in securities of the same character as the securities of the estate concerned, is no objection to its appointment as trustee of the estate, as its duty is to deal with the trust estate as carefully as its own estate, and it is not conceivable that a trust company owning securities of the same nature as those in the trust to be administered would do anything except conserve these securities with the utmost care.

On petition, &c.

*Mr. John R. Hardin* and *Mr. Joseph Kahrs,* for Regina R. Shanley, individually, and as co-trustee of the estate of her husband, Bernard M. Sharley, Jr., as well as for the members of her family; Julia D. Shanley, widow of Bernard M. Shanley, Sr.; Joseph Seton Shanley, one of the grandchildren.

*Mr. Reid L. Carr* .(of the New York bar) and *F. C. Taylor* (of the Connecticut bar). for the J. R. Shanley Estate Company and Guarantee Trust Company of New York, as trustee of the collateral trust five per cent. bonds of said company.

*Mr. Merritt Lane,* for the Empire Trust Company as trustee.

*Mr. George R. Beach* and *Mr. J. Henry Harrison,* for the estate of William C. Shanley, the executors and trustees of that estate.

CHURCH, V. C.

This is an application for the appointment of a trustee in the matter of the estate of Bernard M. Shanley, Sr.

*97 N. J. Eq.*        In re Shanley.

Mr. Shanley died a resident of Newark in 1900 and left a will which was probated in Essex county. The will left his brother as executor, and by codicil provided that, on the death of his brother, his three sons, J. Roosevelt Shanley, Bernard M. Shanley, Jr., and William C. Shanley, were to act as joint executors and trustees. His brother and his sons are dead.

The *corpus* of this estate consists of approximately seven millions of dollars, consisting almost entirely of stocks and bonds of the New Jersey Public Utilities Corporation. There are four interests involved in the income of this estate. The widow of the testator, who is now sixty-seven years of age, is entitled to one-fourth of the income for her life. The estates of the three sons are each entitled to one-fourth of the income. As to the *corpus,* upon the death of the widow, the estates of the three sons are each entitled to one-third of the *corpus,* after the legacy of $250,000 has been paid to a grandson of the testator.

J. Roosevelt Shanley in his lifetime got into financial difficulties, and the J. R. Shanley Estate Company was formed under the laws of Connecticut for the protection of the creditors of J. Roosevelt Shanley. William C. Shanley guaranteed the obligations of his brother and placed in trust with the Empire Trust Company of New York all the income received from his father's estate, and assigned the principal to the Empire Trust Company, as well, reserving an annual income to be paid to his wife during her lifetime.

Representatives of the various interests are all in court and have made suggestions as to the appointment of a trustee. There is some divergence of opinion as to what actual interests are represented by the contending parties, but I think it is unnecessary for me to go into this question, as, in the last analysis, the appointment of a trustee is discretionary with the court. On the one hand, it is suggested that a trust company should be appointed which has nothing to do with the public service securities above mentioned. On the other hand, it is suggested that a trust company familiar with these securities should be appointed.

I am not impressed with the argument of counsel that it would be improper to appoint a trust company closely allied with the public service corporation, stock of which is owned by this estate. In fact, I think that the appointment of a trust company interested in this class of securities would be a great benefit to the estate.

The theory of the law, as I understand it, is that a trustee should deal with his trust estate as carefully as he would with his own estate, and I cannot conceive that a trust company, owning securities of the same nature as those in the trust administered, would do anything except to conserve these securities with the utmost care.

I have therefore determined to appoint the Fidelity Union Trust Company as trustee of this estate.

There was some suggestion that a New York trust company should be appointed, but I am unwilling to do this, as I stated at the oral argument.

I think that the trust company I have mentioned is more capable of handling this estate and the securities of which it consists than any other of which I can think.

Another question has been presented to me by counsel—that is, that I appoint a co-trustee who shall be a member of the Shanley family. I have carefully read over the briefs of counsel in this matter and I cannot see the necessity of any additional appointment. I believe the trust company I have appointed is thoroughly capable without any assistance of managing this estate in a correct and proper manner.

I will advise a decree accordingly.